IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No.: 13-10113-EFM |
| ) | |
| MARK ANTHONY HANKERSON, ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM AND ORDER**

Defendant Mark Hankerson pleaded guilty to one count of interference with commerce by means of robbery, and one count of brandishing a firearm during and in relation to a crime of violence. He entered his plea pursuant to Fed. R. Crim. P. 11(c)(1)(C), which called for a binding term of incarceration of 120 months. On February 7, 2014, he was sentenced to 120 months of imprisonment pursuant to the binding plea, although the sentence was roughly consistent with the recommended sentence of the United States Sentencing Guidelines.

Mr. Hankerson has now filed a Motion for Leave of Court to Conduct Discovery Pursuant to Rule 6(a) Governing § 2255 (Doc. 58). Although not clearly stated in the caption, the body of the motion makes clear that his request is actually for the appointment of a new attorney to assist him by discovering matters related to his competency, in support of his anticipated 2255 motion. He claims his original appointed counsel provided ineffective assistance:

> for failing to file a mental competency hearing based on documented evidence of the Petitioner's intellectual disability. Upon examination, it is clear that the Petitioner suffers from a mental disease or defect rendering him mentally

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist property in his defense.[1]

Therefore, he claims the appointment of counsel to conduct discovery "is necessary for effective discovery of tests indicating the Petitioner's intellectual disability in support of his ineffective counsel claim."[2]

Mr. Hankerson's Presentence Investigation Report indicated that the defendant reported no history of counseling for a mental or emotional health problem, although he apparently did attend counseling in 1994, and anger management classes in 2001 and 2004.  Moreover, he apparently completed an intake evaluation with the Kansas Department of Correction in 1997 or 1998 in which he was administered the Minnesota Multiphasic Personality Inventory 2. Although the later did yield a diagnosis, it was not one which suggested that he was incompetent to understand charges against him or assist in his defense.

Mr. Hankerson appeared before this Court on December 5, 2013, to change his plea. During that hearing, he denied that he had ever been under the care of a doctor or a health care worker for any mental health or emotional health issues.  He also indicated that no court had ever found him to be incompetent.  He further appeared before this Court on February 7, 2014 for his sentencing.

Contrary to his assertions in the instant pleading, there is nothing in the record that makes it clear that Mr. Hankerson suffers from a mental disease or defect that renders him incompetent to understand the proceedings against him or to assist in his defense.  And certainly, the Court has not been made aware of any of the documented evidence he claims exists demonstrating his claimed disability.  Nor does anything in his criminal or medical history suggest that such a disability exists.  At no point in either the plea or the sentencing hearings before this Court did

---

[1] Doc. 58, p. 1.
[2] *Id.*, at 2.

the Court have any cause to question or be concerned about Mr. Hankerson's competence. Therefore, the Court cannot find it necessary for effective discovery that an attorney be appointed as requested.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave of Court to Conduct Discovery Pursuant to Rule 6(a) Governing §2255 (Doc. 58) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of August, 2014.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE